IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD CESSNA, *on behalf of himself and all others similarly situated*, and GEORGE WORK, *on behalf of himself and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> REA ENERGY COOPERATIVE, INC., <br><br> Defendant. | Case No. 3:16-cv-42 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiffs' Motion for Reconsideration of this Court's June 27, 2017 Order Granting Defendant's Motion to Dismiss and, Alternatively, for Extension of Time to File Amended Complaint ("Motion for Reconsideration").[1] (ECF No. 48.) This Motion has been fully briefed (*see* ECF Nos. 49, 51) and is ripe for disposition.

For the reasons that follow, Plaintiffs' Motion is **DENIED**.

### II. Relevant Background[2]

REA Energy Cooperative, Inc. ("REA") is an electric cooperative of which Plaintiffs are current and former members. *See Cessna v. REA Energy Coop., Inc.*, 258 F. Supp. 3d 566, 571

---

[1] The Court separately addressed the portion of Plaintiffs' Motion asking for an extension of time to file an amended complaint by Order of July 5, 2017. (ECF No. 50.)

[2] This Court has previously provided a detailed account of this case's procedural and factual background in prior memorandum opinions. *See Cessna v. REA Energy Coop., Inc.*, 258 F. Supp. 3d 566 (W.D. Pa. 2017); *Cessna v. REA Energy Coop., Inc.*, Civil Action No. 3:16-42, 2016 WL 3963217 (W.D. Pa. 2016). Thus, due to the parties' familiarity with this case and this Court's prior coverage of this case's background, the Court now covers only that procedural and factual background relevant to Plaintiff's Motion for Reconsideration.

(W.D. Pa. 2017). REA is and was Plaintiffs' electricity supplier. *Id.* Plaintiffs, who are seeking to represent a class of REA members, alleged in their Complaint (ECF No. 1-1) that REA is improperly withholding revenues in excess of its operating costs and is legally obligated to disgorge these excess revenues to its members. *Cessna*, 258 F. Supp. 3d at 571.

Plaintiff's Complaint is organized into six counts: (1) a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), (2) a claim for the breach of the covenant of good faith and fair dealing, (3) a claim for breach of contract, (4) a claim for unjust enrichment, (5) a request for declaratory and injunctive relief, and (6) a claim for breach of fiduciary duty of an agent or trustee. (ECF No. 1-1 ¶¶ 44-92.)

On June 27, 2017, this Court published a 46-page Memorandum Opinion and accompanying Order granting REA's Motion to Dismiss. *See id.*; ECF No. 47. This Memorandum Opinion and Order dismissed all counts of the Complaint, but granted Plaintiffs leave to amend their Complaint with respect to their claim under the UTPCPL and their breach of contract claim. *Id.* at 596.

Plaintiffs now asks this Court to reconsider its dismissal of the breach of contract claim. (*See* ECF Nos. 48, 49.)

### III. Legal Standard

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Philadelphia*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, WL 432947, at *1.

IV. Discussion

Plaintiffs ask this Court to reconsider its Memorandum Opinion and Order of June 27, 2017 as it pertains to Plaintiffs' breach of contract claim. (ECF No. 49 at 2.) Plaintiffs offer three reasons in favor of reconsideration: (1) "to correct a clear error of law or fact and to prevent manifest injustice because the Court, in making its finding that Plaintiffs failed to plead a plausible breach of contract, inadvertently relied upon language from the first paragraph of Article VIII, Section 2 which relates to the creation and accounting for of Patronage Capital and not to its return"; (2) "Defendant REA contracted to abide by cooperative principles in its By-

3

Laws and its failure to do so amounts to breach of contract"; (3) "the contract is ambiguous as there is more than one reasonable interpretation of the relevant language." (*Id.*)

All of Plaintiffs arguments fall under the third ground upon which a motion for reconsideration can be granted, i.e., "the need to correct a clear error of law or fact or to prevent manifest injustice." *Astrazeneca*, 769 F.3d at 848–49 (3d Cir. 2014) (quoting *Max's Seafood*, 176 F.3d at 677). This Court is not persuaded by any of Plaintiffs' three arguments because it finds no error of law or fact or the need to prevent manifest injustice.

First, Plaintiffs' argue that this Court "inadvertently relied" upon the first paragraph of Article VIII, Section 2 (relating to the creation and accounting for of Patronage Capital), instead of the second paragraph of Article VIII, Section 2 (relating to return of Patronage Capital). (*See* ECF No. 49 at 4-8.) The Court disagrees, finding that it properly read Article VIII, Section 2 in its entirety and amply explained its reasons for doing so in its prior Memorandum Opinion. *See Cessna*, 258 F. Supp. 3d at 587-91.

This Court previously rejected Plaintiffs' arguments regarding the proper interpretation of Article VIII, Section 2 and will not "rehash" that decision here. *See Cole's Wexford Hotel*, WL 432947, at *2 (citing *Williams*, 32 F.Supp.2d at 238). As this Court previously stated, the first paragraph of Article VIII, Section 2 establishes the Board's authority to decide on the form in which excess revenues will be returned and also sets forth the agreement of REA and its members that "capital credits are deemed funds that have already been returned to Plaintiffs and then paid back to REA." *Cessna*, 258 F. Supp. 3d at 590. The Court disagrees with Plaintiffs' piecemeal interpretation of the first paragraph of Article VIII, Section 2 and does not view its consideration of the contract as a whole to be clear error causing manifest injustice to Plaintiffs.

4

Plaintiffs may disagree with this Court's interpretation of Article VIII, Section 2 or this Court's conclusion that the Bylaws, read as a whole, are consistent with the relevant Pennsylvania statutes. However, Plaintiffs' difference in opinion does not warrant the reconsideration of this Court's prior Opinion.

Second, Plaintiffs argue that REA is contractually obligated by the "Principles of Cooperative Enterprises" and that REA's failure to comply with these "Principles" amounts to a breach of contract. (ECF No. 49 at 8-9.) This argument likewise provides no basis for reconsideration.

This Court's prior Opinion specifically addressed the Principles of Cooperative Enterprises, and, because a motion for reconsideration does not provide Plaintiffs with a "second bite at the apple," the Court will not further entertain Plaintiffs' attempts to relitigate this matter. *Cole's Wexford Hotel*, 2017 WL 432947, at \*2 (quoting *Bhatnagar*, 52 F.3d at 1231). Plaintiffs now offer some additional arguments, but this Court finds no clear error or manifest injustice in its prior holding that the "Principles" offer no basis for Plaintiffs' breach of contract claim. *Cessna*, 258 F. Supp. 3d at 590.

In addition to those reasons previously provided, this Court notes that, based on the allegations of the Complaint and the arguments of the parties, this Court is not persuaded that the "Principles" were effectively incorporated into the Bylaws by reference, that the more specific terms of the Bylaws would not supersede the general provisions of the "Principles" even were they properly incorporated into the Bylaws, or that the "Principles" were breached. Thus, Plaintiffs' second argument for reconsideration is unavailing.

5

Third, Plaintiffs argue that the Bylaws are ambiguous, therein justifying an interpretation of the Bylaws against REA as the drafter of the Bylaws. (ECF No. 49 at 10-11.) This final argument is improper in a motion for reconsideration and, regardless, is unpersuasive.

Motions for reconsideration "should not be used to advance additional arguments which could have been made by the movant sooner." *Am. Beverage Corp., v. Diageo N. Am., Inc.*, Civil Action No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013) (citing *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995)). Yet, Plaintiffs assert that the Bylaws are ambiguous for the *first time* in their brief accompanying their Motion for Reconsideration. Thus, this argument is not properly raised.

Even were the purported ambiguity of the Bylaws properly raised, this Court's prior Opinion interpreted the Bylaws and did not find them ambiguous. Plaintiffs' mere disagreement with this Court's prior decision does not form a proper ground for reconsideration. Furthermore, this Court finds no clear error in law or fact in its prior decision. Therefore, Plaintiffs' request for reconsideration is denied.

## V. Conclusion

For the reasons stated above, this Court **DENIES** Plaintiffs' Motion for Reconsideration. (ECF No. 48.)

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD CESSNA, *on behalf of himself and all others similarly situated*, and GEORGE WORK, *on behalf of himself and all others similarly situated*, | ) ) ) ) ) | Case No. 3:16-cv-42 JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| REA ENERGY COOPERATIVE, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

**NOW,** this 9th day of February 2018, upon consideration of Plaintiffs' Motion for Reconsideration (ECF No. 48), and in accordance with the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE